**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBRA M. JOHNSON, on behalf of herself and all others similarly situated, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> U.S. VISION, INC., a Delaware corporation and USV OPTICAL, INC., a Texas corporation, <br><br> Defendants - Appellees. | No. 11-55020 <br><br> D.C. No. 3:10-cv-00690-BEN-CAB <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted February 9, 2011
Pasadena, California

Before: D.W. NELSON, REINHARDT, and N.R. SMITH, Circuit Judges.

Debra Johnson, as a potential class representative, appeals the district court's

order denying her motion to remand this case to state court. She claims

Defendants failed to demonstrate the necessary jurisdictional amount in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

controversy under the Class Action Fairness Act of 2005. We have jurisdiction pursuant to 28 U.S.C. § 1453(c)(1) and we REVERSE and REMAND.

In order to demonstrate the necessary jurisdictional amount in controversy, Defendants must prove to a "legal certainty" that the amount in controversy in this case exceeds $5,000,000. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007). "The 'legal certainty' standard sets a high bar for the party seeking removal, but it is not insurmountable." *Id.* at 1000. While the "legal certainty" standard is difficult to define, at a minimum, Defendants must produce enough evidence to allow a court "to estimate with [some] certainty the actual amount in controversy." *Id.* at 1001. The Defendants failed to meet this standard.

As in *Lowdermilk*, Defendants provided "some evidence that the Plaintiff's actual claims necessarily exceed $5,000,000." *See id.* at 998. However, they produced very little or no evidence that would allow for an accurate approximation of the amount in controversy. Defendants produced evidence giving only a snapshot of a potential workday for optechs and a potential workweek for managers. Defendants also frequently "assume[] that all class members would be entitled to maximum damages under [California] law" and provide no evidence to support their assumptions in violation of *Lowdermilk*. 479 F.3d at 1001. Even where Defendants do not assume maximum damages, they do not provide

2

sufficient evidence to meet their burden of proving the amount in controversy to a legal certainty. Specifically, Defendants have provided no evidence regarding (1) the number of days per year worked by optechs, (2) the number of vacation days lost by employees due to the "use it or lose it policy," (3) how many employees' shifts exceeded five hours in length (which would determine their eligibility for meal breaks under California law), (4) how many employees may have used check cashing services, making them eligible to sue under California Labor Code §§ 212 and 213, and (5) the average hourly pay of employees who were actually separated from their employment during the four-year period at issue.

Without such necessary evidence to support their calculations, Defendants have failed to carry their burden to demonstrate the amount in controversy exceeds $5,000,000.

REVERSED and REMANDED with instructions to remand to state court.

3